**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SECRETARY OF LABOR HILDA L. SOLIS,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**HEALTHY SOLUTIONS HOMEHEALTH, LLC, et al.,**<br><br>       **Defendant.** | **Case No. 2:11-cv-1152**<br>**Judge Peter C. Economus**<br>**Magistrate Judge Kemp**<br>**MEMORANDUM OPINION AND ORDER** |

      This matter is before the Court for consideration of Plaintiff Secretary of Labor Hilda Soils's ("the Secretary) Second Motion for Default Judgment. (Dkt. 35.) For the reasons that follow, the Court **GRANTS** the Secretary's motion.

**I.**    **Background**

      The Secretary filed a Complaint in this matter on December 28, 2011. (Dkt. 1.) In the Complaint, she alleges that Defendants did not pay to its employees the proper minimum wage, or overtime wages for hours worked in excess of forty hours per week. Both Defendants, through counsel, filed an answer. (Dkt. 2.) In accordance with the parties' Rule 26(f) report (Dkt. 5.), the Secretary produced initial disclosures and a written demand to Defendants' then-counsel, Pamela Krivda. (Steel Decl., Dkt. 35.) Sometime after that, attorney Krivda, withdrew from the case. (Dkt. 17.)

      Defendants' new counsel, Terence Grady and Katherine Herron, entered appearances on July 31, 2012. (Dkt. 15 and 16.) The parties then jointly moved to have all dates in the Rule 26(f) report extended approximately one year. (Dkt. 18.) The Court granted the motion. (Dkt. 19.)

      Then, by way of a notice of substitution of counsel, Defendants' new legal counsel, Darlene Chavers, entered her appearance with the Court on January 24, 2013. (Dkt. 20.)

Attorney Chavers filed an unopposed Motion for Extension of Time on February 4, 2013. (Dkt. 23.) The Court granted the motion and ordered Defendants to respond to the outstanding discovery requests by March 21, 2013. (Dkt. 24.) Attorney Chavers thereafter requested an additional extension of time on March 20, 2013. (Dkt. 25.) In her motion, Chavers noted that Defendants were deciding whether to accept an outstanding settlement offer. (Dkt 25. at 2.) The Court issued an order granting the motion and required the Defendants to submit responses to discovery by May 6, 2013. (Dkt. 27.) On March 27, 2013, Chavers filed a Motion to Withdraw as Defendants' counsel (Dkt. 28.), and the Court granted that motion. (Dkt. 30.)

On July 8, 2013, the Secretary filed a Motion for Default Judgment pursuant to Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure. (Dkt. 31.) Defendants did not respond to the Secretary's motion. On October 31, 2013, the Court issued an "order compelling a response and advising Defendants in clear and unmistakable terms of the consequences of their failure to provide discovery." (Dkt. 32. at 3.) The Court required both Defendants to respond to written discovery requests within thirty (30) days, and required Defendant Healthy Solutions, a corporation, to retain new counsel and cause that counsel to enter an appearance within thirty (30) days. (Dkt. 32. at 4.) The Court noted that Defendants' failure to comply with the order may result in default judgment against it. (Dkt. 32. at 3.) The Court advised the Secretary that any subsequent motion for default judgment should include affidavits verifying any facts needed to support the motion. (Dkt. 32. at 4.)

The Clerk of Court attempted service of the October 31, 2013 order, but both mailings were returned as "Return to Sender/Not Deliverable as Addressed/Unable to Forward." (Dkt. 33 and 34.) The Secretary attempted personal service of the October 31, 2013 order on February 4, 2014 and again on February 19, 2014. (Phillips-Glacken Decl., Dkt. 35.)

The Secretary filed a Second Motion for Default Judgment on February 28, 2014. (Dkt. 35.) Defendants did not file a response to the Secretary's second motion.

## II. Law and Analysis

### A. Service

The Court will dispose of the notice issue first. Rule 77(d) of the Federal Rules of Civil Procedure requires the clerk of court to serve notice of the entry of an order immediately on each party in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. In the case *sub judice*, the Clerk sent the Court's October 31, 2013 order to Defendants last known addresses, but the mail was returned as "NOT DELIVERABLE." (Dkt. 33 and 34.) Although Defendants may not have received actual notice of the October 31, 2014 order (Dkt. 32.), this Court can still grant the Secretary's motion and enter default judgment because (1) default judgment under the circumstances does not violate due process, and (2) the Defendants did not notify the Court of a change in address.

This Court's decision to grant the Secretary's motion does not violate Defendants' due process rights. A fundamental requirement of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "But, if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied." *Id*. "'There will always be something more that could have been done to effect actual notice,'" but the Constitution "requires only that the Government's effort be reasonably calculated to apprise a party of the pendency of the action." *United States v. Eight Thousand Two Hundred Dollars ($8,200.00) in U.S. Currency*, 06-14181, 2009 WL 398205 (E.D. Mich. Feb. 17, 2009) (quoting *Karkoukli's Inc. v. Dohany*, 409 F.3d 279, 285 (E.D.Mich. 2005)).

3

The practicality of this case is that Defendants have been peculiarly hard to find. Defendants' first counsel requested withdrawal because of significant difficulties contacting Defendants, and their unwillingness to provide adequate contact information. (Dkt. 9. at 3.) In her motion to withdraw, attorney Chavers also noted "Defendants lack of cooperation." (Dkt. 28. at 4.) Additionally, the Secretary twice attempted to serve the Court's order in person to a newly discovered address of Defendants. (Phillips-Glacken Decl., Dkt. 35.) The Court finds that these actions easily constitute reasonable efforts to apprise Defendants of the pendency of the action. Defendants are well aware of the Secretary's case against them. Defendants have participated in this litigation and at one point participated in settlement negotiations with the Secretary. (Dkt 25. at 2.)

Additionally, Defendants cannot use lack of notice as a shield from the entry of default judgment. "[Defendants] had an affirmative duty to notify the court of any change in [their] address[es] and the Sixth Circuit, in unpublished cases, has expressly upheld both a dismissal of a complaint and the denial of a motion for relief from judgment where the [party] failed in that duty to notify the court of a change in address." *Scott v. Burress*, 06-13916, 2009 WL 2602395 (E.D. Mich. Aug. 24, 2009) (citations omitted); *see also*, *Barber v. Runyon*, 23 F.3d 406 (6th Cir. 1994) (A *pro se* litigant has a duty to supply the court with notice of any and all changes in his address); *Holman v. Haskell*, 9 F.3d 107, 107 (table), 1993 WL 424848, *1 (6th Cir. October 19, 1993) (finding proper service under Fed. R. Civ. P. 5(b) when mailing was sent to last known address because the party "had an affirmative duty to supply the court with notice of any and all changes in his address").

Finally, Court can enter default judgment even if it does not have Defendants' current addresses.[1] Defendants did not comply with their affirmative duty to provide up-to-date addresses. The clerk of court issued notice to Defendants' last known addresses in accordance with Rule 5(b), thereby completing service. *See Barber*, 23 F.3d at 406 (finding that service of court's order was complete upon mailing to addressee's last known mailing address). Therefore, entry of default judgment in the instant action will not violate due process.

### B. **Default Judgment Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)**

Federal Rule of Civil Procedure 37(b)(2) allows district judges to sanction parties that abuse the discovery process. "A district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). District courts have discretionary authority to enter default judgment when one party fails to comply with a discovery order. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Simply put, 'if a party has the ability to comply with a discovery order and does not, dismissal,' [or] entry of default, 'is not an abuse of discretion.'" (quoting *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988))). Imposition of default judgment against a defendant under Rule 37(b)(2)(A)(vi) is

---

[1] The Court notes that entering default judgment does not foreclose Defendants' ability to file a motion to set aside default or default Judgment. "'[T]he district court enjoys considerable latitude under the good cause shown standard of Rule 55(c)' to grant a defendant relief from a default entry." *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999) (quoting *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). The criteria used to determine whether "good cause" has been shown for purposes of granting a motion [for default] are whether "'(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *United Coin Meter Co.*, 705 F.2d at 844 (citations omitted) (quoting *Keegel*, 627 F.2d at 373); *see also Real Property,* 195 F.3d at 820. A defendant only has to demonstrate two of the three factors. *See Shepard Claims Serv., Inc. v. Willaim Darrah & Assoc.*, 796 F.2d 190, 193–94 (6th Cir. 1986).

The Court further notes, "[a] stricter standard of review applies for setting aside a default once it has ripened into a judgment.'" *Real Property*, 195 F.3d at 820 (quoting *Waifersong*, 976 F.2d at 292). "Specifically, once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation[.]" *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (internal quotation marks omitted).

akin to dismissal of a plaintiff's case for failure to prosecute. *See Buck v. U.S. Dept. Of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 607–08 (6th Cir. 1992).

The Sixth Circuit has enumerated four factors to consider when determining whether to render a default judgment under Rule 37:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*See Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990); *see also, Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 957 (6th Cir. 2003) (enumerating the same standard for dismissals pursuant to Rule 37 of the Federal Rules of Civil Procedure).

First, Defendants' conduct exhibits willful bad faith. Defendants have participated in this lawsuit and could have complied with their duties as litigants but chose to ignore them. Defendants have filed nothing with this Court for over a year. Defendants failed to cooperate with their counsel, causing many attorneys to withdraw from this matter. Defendants did not respond to either of the Secretary's motions for default judgment. There is no evidence that Defendants are incapable of complying with the Court's October 31st Order, or responding to the Secretary's discovery requests. *See United States v. Allen*, 2:12-CV-1034, 2014 WL 3530850 (S.D. Ohio July 15, 2014) (noting the lack of "any argument or evidence suggesting that [the party] is unable to comply with the discovery requests"). In fact, Defendant Ochieng recently organized a new similarly-named business, Health Solutions Home Health Services, Inc., in July

2013. (Ex. 5., Dkt. 35.) Defendants' disregard for this case and this Court demonstrate that Defendants are acting in bad faith.

Second, the Secretary has been prejudiced by her inability to conduct discovery in this case. *See Vogerl v. Elliott*, CIV. 09-713-MRB-JGW, 2010 WL 4683950 (S.D. Ohio Sept. 9, 2010) *report and recommendation adopted*, 1:09-CV-713, 2010 WL 4683948 (S.D. Ohio Nov. 10, 2010) ("Plaintiff has been severely prejudiced by her inability to conduct discovery in this case, and has wasted significant time and money first attempting to gain defendant's voluntary cooperation, and subsequently seeking defendant's forced cooperation through this court."). Defendants have never produced any substantive evidence to substantiate or refute the Secretary's claims, not even the initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure. (Dkt. 35. at 8.) As time passes, it becomes more difficult for the Secretary to contact potential witnesses and secure necessary information to support this case. Defendants' failure to participate in this action severely prejudices the Secretary.

Third, the Court warned Defendants that a continued refusal to comply with the October 31, 2013 order of this Court could result in the entry of a default judgment. (Dkt. 32.) The Court's warning was clear and unequivocal. In violation of that order, Defendants neither participated in discovery, nor did Defendant Healthy Solutions retain counsel.

Finally, although the Court has not issued less drastic sanctions, the Court finds that any further sanctions would fall on deaf ears. *Nat'l City P'ship Solutions, Inc. v. Midwest Fin. & Mortgage Servs., Inc.*, 3:07CV00408, 2009 WL 170668 (S.D. Ohio Jan. 22, 2009) (finding failure to comply with an order requiring defendant to obtain counsel and warning defendant about the possibility of default judgment as sufficient for imposing the extreme sanction of default judgment); *In re Fair Fin. Co.*, 5:12-CV-00997-PAG, 2013 WL 592110 (N.D. Ohio Jan.

23, 2013) *report and recommendation adopted sub nom. Bash v. Osler*, 5:12 CV 997, 2013 WL 592015 (N.D. Ohio Feb. 14, 2013) (finding "consideration of lesser sanctions is no longer appropriate," in part, because the court's order to "cooperate with discovery was tantamount to an order compelling discovery"). Moreover, consideration of lesser sanctions "is a *factor* in our review, not a *sine qua non.*" *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (emphasis in original). It has been over a year since the Secretary first filed her motion for default judgment. At this juncture, it is logical to conclude that any further order to compel Defendants to participate would be fruitless.

Therefore, the Court finds Defendants' conduct is willful and in bad faith, and further delay in this matter will prejudice the Secretary. Accordingly, entry of a default judgment is appropriate.

The Secretary requests the opportunity to file a proposed judgment regarding injunctive relief and damages. (Dkt. 35. at 9.) This request is well taken. Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court may enter default judgment in cases when a sum certain amount or damages have not been ascertained.

### III. Conclusion

For the reasons discussed above, the Court hereby **GRANTS** the Secretary's Motion. (Dkt. 35.) The Court hereby **ORDERS** (1) that default judgment is entered against Defendants; (2) that the Secretary file a brief with this Court within thirty (30) days regarding liability, injunctive relief, and damages; and (3) that the clerk send a copy of this Order both by regular mail and by certified mail upon Defendants at the address listed of record, the newly discovered 764 Brookside Drive, Columbus, Ohio 43209 address mentioned in the Secretary's motion, and Defendant Ochieng's new place of business at 5918 Sharon Woods Blvd. #208, Columbus, Ohio

43229.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE