# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,**<br>　　　**Plaintiff,**<br>　　v.<br>**HEALTY SOLUTIONS HOME HEALTY SERVICES, LLC, et al,**<br>　　　**Defendant.** | **Case No. 2:11-cv-1152**<br>**Judge Peter C. Economus**<br>**Magistrate Judge Terrence P. Kemp**<br><br>**JUDGMENT BY DEFAULT OF DEFENDANTS** |

　　This matter is before the Court for consideration of Thomas E. Perez, Secretary of Labor's (the "Secretary") Motion by Default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and on the affidavit of K. Lucy Liang in support of said motion. The Complaint in this matter was filed on December 28, 2011, and was served on Defendants Healthy Solutions Home Services, LLC and Joanna Ochieng (collectively, "Defendants"). On September 15, 2014, this Court granted the Secretary's Second Motion for Default Judgment against Defendants. (Order at ECF No. 36; Secretary's Motion at ECF No. 35.) For cause shown, it is therefore:

　　**ORDERED, ADJUDGED, AND DECREED** that Defendants, their agents, servants, employees, and those in active concert with them, are permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* (the "Act"), in any of the following manners:

　　1. Defendants shall not, contrary to Section 6 of the Act, pay any of their employees employed in an enterprise in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than seven dollars and twenty-five cents ($7.25) per hour

or any such other minimum hourly rate as may be made applicable by future amendments to the Act.

2. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than forty (40) hours at a rate not less than one and one-half times the regular rate at which each employee is employed.

3. Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations of the administrator or the Secretary of Labor that are issued and from time to time amended pursuant to Section 11(c) of the Act, and found in Title 29, Chapter V, Code of Federal Regulations, Part 516.

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** that the Secretary recover from Defendants the total sum of $84,428.40, for which execution may issue, to be distributed to Defendants' employees listed in Exhibit 2 to the *Secretary's Brief Regarding Damages and Injunctive Relief* (ECF No. 40-2) in the amounts set forth following each employee's name.

1. Defendants shall make payment to the Secretary for disbursement as prescribed by law.

2. Any money not so distributed by the Secretary within a reasonable time because of Secretary's failure to locate the proper person or because of such person's refusal to accept such money shall be covered into the Treasury of the United States as miscellaneous receipts.

3. The failure of Defendants to make payment as provided herein shall result in the total sum of $84,428.40, as set forth above, being subject to the assessment of such interest and costs as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register, 4. Exhibit 2 of the *Secretary's Brief Regarding Damages and Injunctive Relief* (ECF No. 40-2) is incorporated into and made a part of this Judgment.

It is further **ORDERED, ADJUDGED AND DECREED** that:

1. Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Judgment or the act except to the extent such funds are deposited in an employee's 401(k) account; nor shall Defendants discharge or in any manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received money due him from Defendants under the provisions of this Judgment.

2. Costs are assessed against Defendants.

**IT IS SO ORDERED.**

*[signature]*

UNITED STATES DISTRICT JUDGE